**STATE OF WEST VIRGINIA**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.B.**

**No. 18-0603** (Preston County 18-JA-17)

## MEMORANDUM DECISION

Petitioner Father R.W., by counsel Justin Gregory, appeals the Circuit Court of Preston County's June 1, 2018, order terminating his parental rights to L.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), DeAndra Burton, filed a response on behalf of the child in support of the circuit court's order. Petitioner's guardian ad litem, Jeremy B. Cooper, filed a response in support of petitioner's appeal. On appeal, petitioner argues that the circuit court erred in terminating his parental rights on the basis of his incarceration.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Additionally, petitioner includes a heading that "[t]he court erred in considering testimony and taking judicial notice of certain evidence regarding petitioner's incarceration." This heading appears to represent a separate and distinct assignment of error from the prior section and references certain evidentiary rulings made by the circuit court. However, in this subsection, petitioner failed to cite to any authority in support of his argument. This failure is in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, *and citing the authorities relied on . . .* [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(continued . . . )

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2018, the DHHR filed a petition alleging that petitioner exposed L.B. to domestic violence in the home, failed to protect the child from domestic violence, and failed to provide emotional or financial support to L.B. The DHHR alleged that petitioner was found guilty of two counts of wanton endangerment and one count of malicious assault against the mother and another child following an incident in October of 2014 where petitioner threatened the mother with a gun while in the presence of the child. Since that incident, the DHHR alleged petitioner had "limited contact" with L.B. The DHHR further alleged that the mother was abusing controlled substances and not a suitable caretaker. Following the filing of the petition, petitioner was appointed counsel and a guardian ad litem.

Petitioner stipulated to the allegations of abuse and neglect in March of 2018. Specifically, petitioner admitted that his current incarceration rendered him "unable to provide supervision, emotional support, or financial support" to the child and that "his current incarceration has interfered with his ability to parent" the child. The circuit court found that petitioner freely, knowingly, and voluntarily waived his right to an adjudicatory hearing and adjudicated petitioner an abusing parent based on his stipulation.

The circuit court held the final dispositional hearing in April of 2018. A DHHR worker testified that petitioner was incarcerated after he threatened the mother with a gun in the presence of the child. According to the DHHR worker, L.B. was ten months old at the time. The worker testified that L.B. does not mention her father and she opined that there was no emotional bond between her and her father. The worker further testified that petitioner had a history of violence, including reports of choking the mother. Petitioner testified that he had not seen L.B. since the day of the crimes giving rise to the petition nor provided any support to her since that time. Petitioner also admitted that the child was in the home on the day of the incident. Finally,

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, the Court specifically noted "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555, 711 S.E.2d 607, 625 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Accordingly, this Court will not address this assignment of error on appeal.

petitioner testified that he would discharge his sentence by 2024, but that he would be eligible for parole in 2019.

Ultimately, the circuit court terminated petitioner's parental rights. In doing so, the circuit court considered petitioner's use of a firearm while the children were present, petitioner's history of domestic violence, petitioner's lack of an emotional bond with L.B., and petitioner's failure to provide any financial support to L.B. The circuit court further found that petitioner suffered from an inadequate capacity to correct the problems of abuse and neglect due to his incarceration. Accordingly, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court's decision was memorialized in its June 1, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights on the basis of his incarceration. Petitioner asserts that the circuit court improperly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because none of the conditions listed in West Virginia Code § 49-4-604(c) match petitioner's circumstances. We disagree with petitioner's argument.

West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Additionally, West Virginia Code § 49-4-604(c) offers a list of conditions in

---

[3]The mother is currently participating in an improvement period. According to the parties, the permanency plan for the child is reunification with her mother or adoption in her current relative foster placement.

3

which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected, but provides that these conditions "are not exclusive." Petitioner improperly describes these circumstances as "factors" which the circuit court may consider. However, it is clear from the language of the statute that the facts of a case do not need to apply to one of these enumerated conditions exactly in order for a circuit court to find that there is no reasonable likelihood that the conditions of abuse and neglect cannot be substantially corrected. West Virginia Code § 49-4-604(c) provides that "'no reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."

The circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future is supported by the record. Petitioner admitted to a history of domestic violence. In his testimony, petitioner failed to acknowledge the crimes for which he was convicted, referring to them as "alleged crimes." This Court has previously held that "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged." *In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Petitioner's violent actions against the mother exemplify his continued issue with domestic violence. Petitioner offered no evidence that he attempted to remedy this issue. Further, petitioner's own criminal activity, which endangered the child, led to his removal from his daughter's life. Petitioner also did not request contact with the child in order to provide support to her. Petitioner's failure to act in support of his daughter or to remedy the issue of his domestic violence supports the circuit court's conclusion that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error.

Petitioner also stresses on appeal that these circumstances existed in 2014 and the DHHR did not file an abuse and neglect petition at that time. In essence, petitioner argues that the only reason the current petition was filed is due to the mother's substance abuse and her inability to care for the children. While we agree that the DHHR should not delay the investigation and filing of abuse and neglect petitions, petitioner asserts no prejudice as a result of this delay. The circuit court found that petitioner's actions since his incarceration abused and neglected the child, regardless of whether those conditions existed in the past. Although the DHHR delayed its action, petitioner does not argue he would have benefited in any way if the DHHR filed a petition earlier. Accordingly, we find no error.

4

Lastly, because the proceedings in circuit court regarding the mother are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 1, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment